MATHESON, J.,
concurring.
Construing the evidence in the light most favorable to the Wilsons, Officer Harris was 10 to 15 feet away from Ryan Wilson when he tasered him in the head. Despite the countervailing circumstances — including Ryan Wilson’s felony conduct, fleeing arrest and ignoring law enforcement commands, and reaching for his pocket — the Graham factors point to excessive force, as Chief Judge Briscoe concludes.
The clearly established law element of qualified immunity, however, is closer for me. Because the Wilsons bear the burden of proving that element, Lynch v. Barrett, 703 F.3d 1153, 1157-58 (10th Cir.2013), I concur in the result reached by Judge Gorsuch in affirming Officer Harris’s qualified immunity. I add a few comments on the clearly established law issue.
Courts have found a constitutional violation can be clearly established by showing (1) “that a materially similar case has already been decided, giving notice to the police;” (2) that “this case fits within the exception of conduct which so obviously violates [the] constitution that prior case law is unnecessary;” or (3) “that a broader, clearly established principle,” such as the Graham factors, “should control the novel facts in this situation.” Keating v. City of Miami, 598 F.3d 753, 766 (11th Cir.2010).
First, a clearly established constitutional violation exists if there is a Supreme Court or Tenth Circuit decision on point or the clear weight of authority from other courts establishes the law as the plaintiffs contend. Schwartz v. Booker, 702 F.3d 573, 587 (10th Cir.2012) (quotations omitted). No such case law is available here.
Second, if the officer’s conduct was “obviously egregious,” a clearly established constitutional violation may exist even if there are no cases specifically on point. *791 Pierce v. Gilchrist, 359 F.3d 1279, 1298 (10th Cir.2004); see also Keating, 598 F.3d at 766; Vinyard v. Wilson, 311 F.3d 1340 (11th Cir.2002) (noting that the “constitutional provision may be so clear and the conduct so bad that case law is not needed to establish that this conduct cannot be lawful”).
The case law does not define egregiousness. Examples of police conduct that courts have labeled as egregious are arguably more severe than what is at issue here: a forensic chemist’s fabrication of evidence against an innocent defendant, Pierce, 359 F.3d at 1279; an officer’s use of pepper spray on a handcuffed woman who was neither resisting nor disobeying commands, Vinyard, 311 F.3d at 1340; and officers’ deliberate false statements to health care officials that a detainee had been violent in an effort to have the person involuntarily committed, Meyer v. Bd. of Cnty. Com’rs, 482 F.3d 1232 (10th Cir. 2007).
Officer Harris’s conduct in this case— tasing a resisting, fleeing, and potentially threatening felony suspect in the head in violation of safety protocol — while excessive, does not seem to reach the level of egregiousness of the foregoing examples.
Third, a violation may be clearly established based on general constitutional principles. Anderson v. Blake, 469 F.3d 910, 914 (10th Cir.2006) (“[A] general constitutional rule that has already been established can “apply with obvious clarity to the specific conduct in question, even though the very action in question has [not] previously been held unlawful.””). Courts have found police conduct to violate clearly established law absent case law on point and without labeling the behavior egregious if the Graham factors tilt so clearly in favor of the plaintiff that any reasonable officer would have been on notice that the force used was unlawful. Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987); see also, e.g., Keating, 598 F.3d at 766; Orem v. Rephann, 523 F.3d 442, 448 (4th Cir. 2008). In other words, if the Graham analysis is decidedly in favor of the Wil-sons, the violation can be clearly established.
As Judge Gorsuch explains, the law must be clearly established at the time of the incident. But if a court relies on general constitutional principles to determine whether the law was clearly established— and here the general principles come from Graham — it may consult cases analyzing the general principles at issue in factually similar circumstances to inform the clearly established analysis irrespective of when those cases were decided. See, e.g., Keating, 598 F.3d at 766, 767 (considering a 2005 case to illustrate a clearly established constitutional principle allegedly violated in 2003). In addition, cases published after the incident can establish that the law was not clearly established at the time of the incident. Swanson v. Town of Mountain View, Colo., 577 F.3d 1196, 1200 (10th Cir .2009).
Following this approach, other circuits have reached different conclusions in roughly similar cases. The Eighth and Fourth Circuits have recently found excessive taser use to violate clearly established law. In Brown v. City of Golden Valley, 574 F.3d 491 (8th Cir.2009), the court found a clearly established violation when an officer tased an automobile passenger suspected of violating open container laws during a traffic stop. The plaintiff disobeyed commands to end a call to 911, but there was a dispute whether officers reasonably perceived a threat. Id. at 498. Similarly, in Orem v. Rephann, the court found a clearly established violation under Graham when an officer repeatedly ta-sered a suspect who was resisting arrest and verbally insulting officers, even though she had been physically restrained and *792 was therefore not a threat. 523 F.3d at 446-47.[1]
On the other hand, the Ninth Circuit, sitting en banc, recently found excessive taser use to be a constitutional violation but held that the violation was not clearly established. In Mattos v. Agarano, 661 F.Bd 433 (9th Cir.2011) (en banc), one plaintiff was repeatedly tased while behaving erratically during a traffic stop, id. at 437, and another plaintiff was tased when she interfered with the arrest of her husband after a domestic dispute, id. at 439. Both plaintiffs resisted police commands but did not use or threaten force. The court found that the officers at most could have believed they posed a potential threat. In both cases, the court found a constitutional violation. Id. at 445-46, 451-52. However, the court also concluded that the violations were not clearly established because the Graham analysis was not sufficiently obvious to put the officers on notice that their conduct was unlawful. Id. at 448, 452.
The level of force in the present case was greater than that applied in the two cases in Mattos, which did not involve taser shots to the head, but the seriousness of Mr. Wilson’s suspected crime was also greater than that of the crime in Mattos. The taser shot to the head in this case constituted more force than a single taser shock. In this way, it may be considered analogous to the repeated taser use in Orem. However, the risk at the time Officer Harris fired his taser was also greater than the risk faced by the officer in Orem; the Orem suspect was physically restrained, while Mr. Wilson was actively resisting arrest, fleeing, and reaching for his pocket.
In short, although I believe the Graham analysis establishes a constitutional violation in this case, whether it is so one-sided as to make the violation clearly established absent case law on point is less clear. See Saucier v. Katz, 533 U.S. 194, 205, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) overruled on other grounds by Pearson v. Callahan, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) (“An officer might ... have a mistaken understanding as to whether a particular amount of force is legal.... If the officer’s mistake as to what the law requires is reasonable ... the officer is entitled to the immunity defense.”).
Inasmuch as the plaintiff bears the burden on the clearly established element, I vote to affirm the district court on this issue.

. In considering cases involving taser use, courts have focused not only on whether a taser was used, but how it was used. For example, compare the foregoing with cases finding no excessive force, in which courts have emphasized that the taser use included only a single shock. E.g., McKenney v. Harrison, 635 F.3d 354, 360 (8th Cir.2011) (single taser shock not excessive); Draper v. Reynolds, 369 F.3d 1270 (11th Cir.2004) (same).